The opinion of the Court was delivered by
Wardlaw, J.
According to the practice of our Courts, before 1825, conformable to the practice of Westminster, every judicial process was supposed to emanate from the Court, and was tested, in the name of the senior Judge, of the first day of the term next preceding the time when it was actually sued out. , To constitute a regular continuance, an alias capias ad respondendum was tested of the term to which the capias was *43 returnable, the pluries of the term to which the alias was returnable, and so on. Large liberty of amendment, and of making entries on the record conformable to the requirements of exact form, was indulged; but the truth was not in material dates overcome by fiction It was not important that the teste of the first writ preceded the cause of action, if the actual issuing of it followed such cause; nor did it avail to arrest the Statute of Limitations, that the teste was in the time prescribed if the actual issuing was not. (Tidd’s Prac. 129, 162.)
The Act of 1825, has however altered both the theory and the practice concerning the testa of writs. The Clerk’s office is now the oficina brevium, and the teste is sufficient if it is of any day, in term or vacation, prior to the day on which the writ is returnable. The time of the actual issuing is the time when it is lodged for service or is otherwise put to use.' An alias is known by its distinguishing words as before, and a pluries by its words as oftentimes. No statute nor any rule of Court requires that under the subsequent writs the Clerk should subscribe the time when the first one was issued, as an old rule required in England, and as would be very convenient here. (1 Sell. Prac. 81.) That the subsequent ones are in continuance of the first appears by the proper technical words introduced into them, if the interval between the times, when any two next to each other were actually issued, has not been too great. Without now positively deciding that an interval of a year and a day would be required to work a discontinuance, it is plain that where, as in this case, no term between the first writ and the service intervened, to which one of the writs was not returnable, there has been a regular continuance.
O’Neall, Withers, Whitner, Glover and Munro, JJ., concurred.

Motion dismissed.